Ruffin, C. J.
 

 We admit that there is a difference between a count in assumpsit for goods bargained and sold, and one for goods sold and delivered; and that, upon a count of the latter kind, a delivery, actual or constructive, must be shown. But it is not seen that the defendant can derive any advantage from those positions, since, as we understand the directions to the Jury, they lay down the same doctrine. They are explicit that, if the delivery was postponed to the happening of some event,'br to some future period, then the sale was not complete, and the plaintiff would have no right to the purchase money. But the Jury have found the delivery, and that terminates all controversy as to the form of action. The only question, then, which can be raised, is, whether there was evidence upon which it was fit to be left to the Jury to find a delivery; and upon that there is no
 
 *14
 
 doubt as it seems to us, The language and acts of the parties at the time of the contract, and when the waggon was immediately before them, might, in the absence of any evidence a stipulation on the part of the plaintiff tó put bows to the waggon, as a condition precedent, induce a belief in the Jury, that the defendant had accepted the waggon in the state in which it then was, and looked to'the promise of the plaintiff, as a collateral engagement to furnish the bows. But what was left doubtful, upon that part of the evidence, is cleared up by the subsequent and repeated declarations of the defendant, that he had purchased the waggon ; and that, without
 
 expressing
 
 any qualification or condition whatever. Supposing this evidence true, as in this proceeding we must, it is plain Jhe Jury might, with good reason, find all that was necessary to a complete and executed contract • that is to say, not'only a bargain for the waggon, but a delivery of it also,
 

 Per Ctjejam. Judgment affirmed.